CITY OF HARTFORD *v.* IAFF, LOCAL 760, AFL-CIO, CLC
(9195)

DUPONT, C. J., SPALLONE and HEIMAN, Js.

Argued January 15—decision released March 19, 1991

*Brian A. Doyle,* with whom, on the brief, was *James C. Ferguson,* for the appellant (defendant).

*Helen Apostolidis,* assistant corporation counsel, for the appellee (plaintiff).

SPALLONE, J. On appeal from the judgment of the trial court vacating an arbitration award, the defendant claims that the court improperly concluded that the arbitrators exceeded their authority by granting relief in excess of the parties' submission. We agree with the defendant and reverse the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. The plaintiff city of Hartford and the defendant Local 760 of the International Association of Fire Fighters, AFL-CIO, CLC, entered into a written collective bargaining agreement that, among other things, provided a multiple step procedure for the resolution of grievances, culminating in arbitration before the Connecticut state board of mediation and arbitration.

On January 30, 1985, a grievance was filed by the defendant alleging that the fire chief of Hartford had violated the collective bargaining agreement by prohibiting firefighters from wearing leather helmets. The pertinent section of the collective bargaining agreement alleged to have been violated provides that "The City will continue to furnish uniforms and replacements under existing practice." After the parties failed to resolve the issue, they agreed to submit the following issues for arbitration: (1) "Is this grievance arbitrable?" (2) "If so, did the City of Hartford violate Section 3.7 of the 1981–1984 contract when it replaced leather helmets with polycarbon helmets?" (3) "If so, what shall the remedy be?"

After a full hearing, the board of mediation and arbitration ruled as follows: (1) "Based on the weight of the evidence presented, this panel finds the instant grievance arbitrable," and (2) "The City of Hartford violated Section 3.7 in 1981–1984 contract when it replaced leather helmets with polycarbon helmets. The City is ordered to replace the current polycarbon hel-

mets with OSHA approved Cairns New Yorker 5A helmets." The arbitration panel found that helmets were included within the meaning of the word "uniforms" as that word is used in the contract and concluded that the city was obligated to continue to furnish helmets to the firefighters "under existing practice."

Upon review, the trial court granted the plaintiff's application to vacate the award. Although the court agreed that the issues presented to the board were arbitrable, the court concluded that the remedy awarded by the arbitration panel exceeded the submission. The court reasoned that because the submission mentioned only leather helmets, the arbitrators exceeded the powers conferred by the submission by specifically awarding *Cairns New Yorker 5A* leather helmets. The defendants appeal from the decision to vacate.

Consensual arbitration, as an alternative means of settling disputes and avoiding the " 'formalities, delay, expense and vexation of ordinary litigation' "; *Diamond Fertiliser & Chemical Corporation* v. *Commodities Trading International Corporation,* 211 Conn. 541, 546, 560 A.2d 419 (1989); has frequently been endorsed as a " 'favored means of settling differences' "; *Watertown Police Union Local 541* v. *Watertown,* 210 Conn. 333, 338, 555 A.2d 406 (1989); *Board of Education* v. *AFSCME,* 195 Conn. 266, 270, 487 A.2d 553 (1985); and is afforded a great deal of autonomy. The scope of judicial review is limited, in cases where the arbitrator's authority is challenged, to a comparison of the award to the submission and a determination of whether the award conforms to the submission. *Watertown Police Union Local 541* v. *Watertown,* supra, 338–39; *Stratford* v. *Local 134, IFPTE,* 201 Conn. 577, 584, 519 A.2d 1 (1986). The court may not review the

award for errors of law or fact.[1] *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 584, 440 A.2d 774 (1981). Where the parties have consented to arbitration and have framed the issue submitted, we "make every reasonable presumption in favor of the arbitration award and the arbitrator's acts and proceedings." *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3,* 203 Conn. 133, 145, 523 A.2d 1271 (1987). The party challenging an arbitration award, therefore, bears the burden of demonstrating that the award violates the parties agreement. Id., 145–46. On the basis of the record provided in this case, we conclude that the plaintiff has not met its burden.

The plaintiff failed to provide the trial court with the transcripts of the proceedings before the arbitration panel. On the basis of the record before it, the trial court noted that it could not find any reference to Cairns New Yorker 5A helmets but that it "might assume that the 'Cairns . . . helmets' were the helmets in use 'under existing practice' under the agreement." If those helmets were in use under existing practice, the arbitration panel, of course, could have properly fashioned a remedy calling for the city of Hartford to continue to supply them under the terms of the contract. Such an award would not exceed the submission where the parties asked the arbitration panel to interpret the meaning of a contract provision requiring the city to continue providing "uniforms . . . under existing practice." If the plaintiff wanted to establish that the existing practice did not involve Cairns New Yorker 5A helmets, it should have provided the trial court with the transcript of the proceeding before the arbitration panel.

---

[1] The grounds on which the Superior Court may vacate an arbitration award are set forth in General Statutes § 52-418 (a). There are only two very narrow exceptions to the rule that a court may not substitute its own conclusions for the findings of the arbitrators. These exceptions occur where the arbitrators rule on the constitutionality of a statute or order a party to engage in conduct in clear violation of public policy. *New Haven* v. *AFSCME, Council 15, Local 530,* 208 Conn. 411, 416, 544 A.2d 186 (1988).

The stipulated submission by the parties was unrestricted and afforded the arbitrators broad power to fashion an appropriate remedy. In agreeing to an unrestricted submission, the parties authorized the arbitration panel "to use [its] own judgment and discretion and to render an appropriate award." *Board of Education* v. *Bridgeport Education Assn.*, 173 Conn. 287, 294, 377 A.2d 323 (1977).

In light of the governing precedent, we must presume, as the trial court should have, that the arbitration panel acted properly. As the plaintiff has failed to establish that the panel exceeded its authority, the panel's decision must be confirmed.

Although the trial court may have disagreed with the arbitrators' remedy and may not have shared their conclusions, the court is precluded from substituting its own conclusions for that of the arbitrators. *Diamond Fertiliser & Chemical Corporation* v. *Commodities Trading International Corporation,* supra, 549; *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3,* supra, 153; *Board of Education* v. *Bridgeport Education Assn.,* supra, 291.

The judgment is reversed and the case is remanded with direction to render judgment confirming the arbitrators' award.

In this opinion the other judges concurred.