## STATE OF CONNECTICUT *v.* WAYNE SANFORD
## (9141)

DALY, FOTI and HEIMAN, Js.

Argued May 30—decision released July 16, 1991

*Brian S. Carlow,* assistant public defender, for the appellant (defendant).

*Mitchell Brody,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Robert J. O'Brien,* supervisory assistant state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4). The defendant claims that the trial court improperly admitted a witness' testimony because of the destruction of a 911 telephone taped statement reporting the crime. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On November 12, 1988, at approximately 5:15 p.m., the defendant entered the Hit or Miss clothing store located at 2300 Dixwell Avenue in Hamden. He approached the manager of the store, Wendy Blake, and told her to go to the register and give him all the money. He also warned Blake that he had a gun and if necessary he would use it. As Blake gave the defendant the money in the register, she noticed that he opened his jacket and placed his left hand over what appeared to be a gun. During the course of these events, another employee, Lynn Seinsheimer, was standing near the cash register. Seinsheimer clearly witnessed these events and thereafter was able to identify the defendant. After the defendant fled with the money, Blake called 911 to report the robbery to the Hamden police. The defendant was subsequently arrested, charged with robbery in the first degree and convicted.

The defendant claims that the trial court should have granted his motion to strike the testimony of one of the victims because the state failed to produce the 911 tape recording of Blake's call to the Hamden police, pursuant to Practice Book § 752[1] and General Statutes § 54-86b.[2] The following facts are pertinent to this claim.

---

[1] "[Practice Book] Sec. 752.—— ——PRODUCTION FOLLOWING TESTIMONY

"After a witness called by the state has testified on direct examination at trial, the judicial authority shall, on motion of the defendant, order the state to produce any statement of the witness in the possession of the state or its agents, including state and local law enforcement officers, which statement relates to the subject matter about which the witness has testified."

[2] "[General Statutes] Sec. 54-86b. RIGHT OF ACCUSED TO EXAMINE STATEMENTS. (a) In any criminal prosecution, after a witness called by the prosecution has testified on direct examination, the court shall on motion of the defendant order the prosecution to produce any statement oral or written of the witness in the possession of the prosecution which relates to the subject matter as to which the witness has testified, and the court shall order

The defendant filed a motion for discovery on February 28, 1989, seeking copies of the prosecution witnesses' statements in the possession of the state, which was granted on March 13, 1989. The defendant also filed a motion for the preservation and production of any taped statements made by the state's witnesses including any call originally reporting the incident on February 28, 1989, pursuant to *State* v. *Williamson,* 14 Conn. App. 108, 552 A.2d 815 (1988) (*Williamson I*), aff'd, 212 Conn. 6, 562 A.2d 470 (1989) (*Williamson II*). On February 15, 1989, the state notified the Hamden police department to preserve the statements made on the 911 tape. During the trial, the state revealed that the 911 tape of the original report of the incident was erased according to Hamden police department policy. The 911 tape was erased approximately thirty days after the date of use, indicating that Blake's statement was destroyed on or about December 12, 1988.

Subsequently, the defendant's motion to strike the testimony of Blake was denied. On the basis of several facts, the trial court found that the destruction of the 911 tape was not done in bad faith. First, the trial court found that Blake did not provide a description of the defendant when Blake reported the robbery, but that the actual source of the description on the dispatch card, acknowledging the 911 call from Blake, was Officer John Cappiello of the Hamden police department during his initial investigation. The court also noted that the description on the dispatch card was similar to the description given by Blake when testifying at

said statement to be delivered directly to the defendant for his examination and use.

"(b) If the prosecution fails to comply with the order of the court, the court shall strike from the record the testimony of the witness and the trial shall proceed unless the court in its discretion shall determine that the interests of justice require that a mistrial be declared."

trial. Thus, the trial court held that the nonproduction was harmless. The defendant took exception to the trial court's ruling.

Under this court's decision in *Williamson I,* supra, 911 tape recordings of witnesses' statements must be preserved and given to the defendant upon appropriate request.[3] In this appeal, the state asks this court to establish a public policy exception for 911 statements from the requirements of Practice Book § 752 et seq. and General Statutes § 54-86b. We reject the state's request and continue to follow our precedent.

The record discloses that this case involves an intentional destruction of the 911 tape in accordance with the Hamden police department's policy. This was done in clear violation of our decision in *Williamson I,* supra, which requires the preservation of 911 statements and was released on April 12, 1988, some eight months before the destruction of the 911 tape in this case. The defendant requests that we find this intentional destruction constituted "constructive bad faith" due to the Hamden police department's failure to establish standards in accordance with *Williamson I* to preserve

---

[3] There are four requirements that a defendant must meet for the mandates of General Statutes § 54-86b and Practice Book § 752 to apply and thereby to compel discovery: "First, the witness whose prior statements are sought, must have been a witness for the prosecution and must have testified under direct examination. This condition is clearly met in this case. Second, the defendant must make a motion to the trial court for production of the witness' statement. The defendant has satisfied this condition. Third, the statements must relate to the subject matter about which the witness has testified. There is no dispute that this condition is also satisfied. Finally, the statements sought to be produced must be in the possession of the state or its agents." *State* v. *Williamson,* 14 Conn. App. 108, 113, 552 A.2d 815 (1988) (*Williamson I*), aff'd, 212 Conn. 6, 562 A.2d 470 (1989). It is uncontested that the defendant in this case fulfilled these requirements regarding the 911 taped statement.

a witness' 911 statement. Although this court does not approve of the disregard of our decision in *Williamson I,* the destruction by the Hamden police department of the 911 statement in this case has not risen to a level that would warrant a constructive finding of bad faith.[4] The Connecticut Supreme Court has established that bad faith "[i]n the context of [Practice Book] § 752 violation . . . connotes a deliberate act done with intent to deprive the defense of information." *Williamson II,* supra, 16. Absent this, there may not be a finding of bad faith; *State* v. *Belle,* 215 Conn. 257, 265 n.8, 576 A.2d 139 (1990) (citing *Williamson II,* supra); and we find no evidence in the record to support such a conclusion.

Because the state did not act with bad faith, the court must next weigh " ' " 'the culpability of the state for its failure to make disclosable material available . . . against any resulting prejudice to the defendant . . . .' " ' " (Citations omitted.) *State* v. *Belle,* supra, 268. The intentional destruction of the 911 statement in this case properly places the burden on the state to establish the harmlessness of its violation. Id.; *State* v. *Johnson,* 214 Conn. 161, 172, 571 A.2d 79 (1990). Whether the state must establish harmlessness beyond a reasonable doubt or by the lesser "more probable than not" standard, depends on the extent to which the missing 911 tape impaired the defendant's constitutional right to confront and cross-examine witnesses. *State* v. *Belle,* supra, 269–70; *State* v. *Johnson,* supra, 173–74.

In evaluating whether the state's failure to produce the victim's 911 statements reporting the robbery

---

[4] Unless there is showing of bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process under the federal constitution. *Arizona* v. *Youngblood,* 488 U.S. 51, 58, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988).

infringed on the defendant's confrontation rights, we look to several factors developed by our Supreme Court. See *State* v. *Belle,* supra, 269–70; *State* v. *Johnson,* supra, 174–75; *Williamson II,* supra, 22–23. First, it must be determined whether "the trial court or a reviewing court had access to the unproduced material." *Williamson II,* supra, 22. As in *Williamson II,* the trial court in this case did not have access to the 911 tape that was destroyed by the police. Id., 23. The dispatch card is not a transcript of what Blake actually said during the 911 call. As in *Williamson II,* the declarant in this case did not "read and [adopt] a counterpart transcript within a short time after making the statement." Id.

The critical factor distinguishing this case from *Williamson II* is that this defendant's conviction did not rest solely on the testimony of the witness whose pretrial statement had been destroyed. See *State* v. *Johnson,* supra, 174; *Williamson II,* supra, 22–23. In the present case, two witnesses were present during the robbery and positively identified the defendant as the person who committed the robbery. In addition to Blake, whose statement on the 911 tape was destroyed, Seinsheimer saw the defendant take the money from the cash register. Seinsheimer saw the defendant's face and gave a description similar to the description given by Blake. Both witnesses selected the defendant's picture from a police photograph board and were also able to identify the defendant during the trial. This case, therefore, is factually closer to *State* v. *Johnson,* supra, in which the defendant's conviction did not rest solely on the testimony of the witness whose taped statement was destroyed. In *Johnson,* the defendant's conviction was also based on circumstantial evidence unrelated to the destroyed statement. *State* v. *Johnson,* supra.

Even if Blake's testimony should have been stricken, there was substantial evidence based on the testimony of Seinsheimer implicating the defendant as the person responsible for this robbery. The defendant had sufficient opportunity to confront Seinsheimer as to her recollection of the circumstances surrounding the robbery. Thus, the results of the trial would have been the same regardless of Blake's testimony. See id., 172; *State* v. *Dedrick,* 24 Conn. App. 518, 521–23, 589 A.2d 1241 (1991). Although the trial court did not articulate which test of harmlessness it applied; *State* v. *Belle,* supra, 269; we find that the state proved that the nonproduction of the 911 tape was harmless beyond a reasonable doubt. Because we find that the nonproduction of the 911 statement was harmless beyond a reasonable doubt, we need not decide which standard should have been applied in this case. See *Williamson II,* supra, 23.

Finally, the trial court found, and we agree, that Blake's testimony identifying the defendant would remain in evidence because it was not part of her 911 statement reporting the crime. The trial court, therefore, did not abuse its discretion in refusing to strike the testimony of Blake.

The judgment is affirmed.

In this opinion the other judges concurred.