[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD
The arbitrator's award and the record reveal the following facts. The Greater Bridgeport Transit District ("District" or "plaintiff") is a public entity that employs members of the Amalgamated Transit Union Local ("defendant" or "Union"). The plaintiff receives federal funds and is, therefore, subject to the provisions of the Urban Mass. Transportation Act of 1964, 49 U.S.C. § 1601, et seq., which, in relevant part, requires the plaintiff to provide mass transit service to elderly and handicapped people ("paratransit service").
The defendant, whose members maintain the plaintiff's vehicles, initiated grievance proceedings pursuant to the parties' collective bargaining agreement and to an additional contract specifically addressing the paratransit service work ("the 13(c) agreement"). The gravamen of the Union's grievance was that the District contracted out work involved in maintaining the paratransit vehicles in violation of the collective bargaining agreement and of the 13(c) agreement, which explicitly preserved rights existing under the collective bargaining agreement.
The parties proceeded to arbitration, and the American Arbitration Association ("AAA") appointed Harvey Shrague as the single, neutral arbitrator.
At the first arbitration proceeding, held on October 25, 1990, the Union's lawyer raised the issue that a tripartite panel should have been selected to decide the dispute. A tripartite panel includes a neutral arbitrator and two partisan arbitrators, one selected by each party. After some off-the-record discussion, the arbitrator suggested that the hearing proceed but also include arguments over whether a tripartite panel was required pursuant to the parties' contracts. The arbitrator suggested that he hear and issue a draft decision on the tripartite matter and on the substantive disputes. If he were to find that arbitration should have been held before a tripartite panel, the arbitrator said he would present the draft decision to the parties, apparently to give them an opportunity to request a three-panel board which would then review and vote on the draft decision. CT Page 8952
At the hearing, the Union agreed to temporarily waive its right, if any, to a tripartite panel until the arbitrator issued the draft decision. The attorney for the District, however, said he did not have the authority to waive any rights of the District or to agree "to anything on behalf of the District." Nevertheless, the District, via its attorney, participated in the hearing that day and on November 15, 1990 and January 8, 1991.
The arbitrator issued his draft decision in which he held that a tripartite panel of arbitrators was required under the parties' contracts. He also found in favor of the Union on the substantive issues and crafted a remedy. In accordance with the procedure set forth on the first day of the arbitration hearings, the AAA mailed two copies of the draft decision to the parties who then had until May 14, 1991 to request, in writing, review of the decision by a tripartite panel.
The Union notified the AAA that its attorney would represent the Union as its partisan arbitrator, if needed, but that the Union was not requesting a meeting and would accept the draft decision as the award. The District told the AAA that it would not "sign" the draft decision.
Because neither party requested the tripartite panel meet before the deadline, the arbitrator Shrague finalized the draft decision which he and the Union's attorney signed.
On May 24, 1991, the District applied to Superior Court to vacate the arbitration award arguing that the arbitrator exceeded his authority. See Connecticut General Statutes 52-418 (a)(4) (1989). The District filed certain exhibits and a brief in support of its position. The Union moved to confirm the award and filed a supporting brief. Additionally, the Union moved to strike certain exhibits submitted to the court by the District, arguing that they are not part of the record. The court heard the parties' arguments on July 1, 1991.
DISCUSSION
 In the same way that the provisions of the collective bargaining agreement strictly limit the authority to arbitrate . . . so the agreement between the parties necessarily limits the scope of judicial review. . . . Just as, according to the general rule, a challenge to the arbitrator's authority is limited to a comparison of the award to the submission . . . so, too, is the court's CT Page 8953 authority in reviewing an arbitration award confined to the issues submitted. The arbitrator may not exceed his or her authority by making an award beyond the scope of the parties' submissions. . . . The submission, then, defines the scope of the entire arbitration proceeding by specifically delineating the issue to be decided.
Daley v. Hartford, 215 Conn. 14, 23-24, 574 A.2d 194 (1990).
"If the parties have agreed in the underlying contract that their disputes shall be resolved by arbitration, the arbitration clause in the contract is a written submission to arbitration." Vail v. American Way Homes, Inc., 181 Conn. 449,451, 435 A.2d 993 (1980).
"The court may not review the award for errors of law or fact." Hartford v. IAFF, Local 760, AFL-CIO, CLC, 24 Conn. App. 254,56-57 (footnote omitted).
The submission in this case, the contracts between the parties, provides:
 The decision of the arbitrator shall be final and binding upon the parties. . . . The Arbitrator's authority shall be limited to interpreting and applying the provisions of this Agreement and shall have no power to add, subtract or modify any of the provisions of this Agreement.
Collective Barg. Agreement, Art. 20, A, pp. 86-87 (plaintiff's exhibit 1B).
 In the event of any labor dispute involving [the District] . . . land/or the employees covered by this agreement which cannot be settled within thirty (30) days after such dispute first arises, such dispute may be submitted at the written request of either the Union . . . or the [District] to a board of arbitration selected in accordance with the existing collective bargaining agreement. . . .
13(C) Agreement, 11 (plaintiff's exhibit 1A).
I. ARBITRATOR'S AUTHORITY CT Page 8954
The District's first ground of appeal attacks the arbitrator's authority to render an award after the single arbitrator himself determined that the award should be rendered by a tripartite panel. The District argues that it did not agree to the procedure set forth by the arbitrator on the first day of the proceedings and was not prepared to address the procedural issue because it was first raised by the Union on that day.
It is clear that, as evidenced by the parties' agreements, they agreed to submit all disputes arising under the two agreements to arbitration.
It is found that the issue of the number of arbitrators was such a dispute. It is further noted that the record does not reflect that the parties restricted the submission only to authorize the arbitrator to consider the specific grievance at issue. Therefore, the issue concerning the number of arbitrators was within the scope of the unrestricted submission, and the arbitrator's decision cannot be reviewed for errors of fact or law. See Hartford v. IAFF, supra, at 56-57. It is further found that the arbitrator did not exceed his authority because the award, regarding the number of arbitrators, conforms to the unrestricted submission.
Additionally, it is noted that, although the District did not unequivocally agree to the procedure suggested by the arbitrator in the event that he found that a tripartite panel was required, the District participated at the three days of arbitration proceedings. The record does not disclose any attempt by the District to contest the procedure until an unfavorable award had been rendered and the award was appealed.
 The plaintiff had certain options available to it. It could have restricted the submission itself . . . or submitted the questions that arose to a designated court pursuant to General Statutes 52-415.
Trumbull v. Trumbull Police Local 1745, 1 Conn. App. 207, 216,470 A.2d 1119 (1984).
It is found that the first ground for appeal is without merit.
II. PRIOR ARBITRATION DECISION
The plaintiff argues that the arbitrator exceeded his authority because he ignored a prior arbitrator's ruling that a single arbitrator, rather than three, should have heard that CT Page 8955 particular grievance.
It is clear that "if the submission is unrestricted, the arbitrators are not required to decide the issues presented to them according to law," Trumbull, supra, 213, it follows that arbitrators cannot be bound by prior arbitration decisions involving unrelated matters. The plaintiff District has not cited persuasive authority to support its position. It is clear that the plaintiff's second ground of appeal must fail.
III. ERROR OF LAW
The plaintiff lastly argues that the arbitrator incorrectly analyzed the substantive dispute under the 13(C) Agreement rather than the collective bargaining agreement and incorrectly decided that the District violated the 13(C) Agreement.
It is found that the arbitrator's award in finding that the District violated the 13(c) Agreement conforms to the submission to him of all issues arising under both agreements. Therefore, the court may not review the arbitrator's decision for errors of law or fact. It is clear that the third ground of appeal is without merit.[1]
The motion to vacate is denied.
W. JOSEPH McGRATH, JUDGE.