[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO VACATE ARBITRATION AWARD MOTION TOCONFIRM ARBITRATION AWARD
The plaintiff, Town of Winchester, seeks to vacate an arbitration award rendered in favor of the defendant, International Brotherhood of Police Officers, Local 330. The defendant seeks to have the arbitration award confirmed. In denying the defendant's motion to dismiss the application to vacate, the court (Pickett, J.) found the following factual situation:
"The plaintiff is a Connecticut municipality and the defendant is a labor union recognized as the collective bargaining agent for sworn police officers in the of the Town. On or about July 30, 1992, the parties entered into a collective bargaining agreement under the auspices of the Connecticut Municipal Employees Relations Act. That agreement addresses the terms and conditions of employment of the covered employees for the period July 1, 1992 through the State Board of Mediation and Arbitration.
"In January, 1993 a member of the bargaining unit, Officer Mathiasen, filed a grievance under the contract alleging that he had been improperly passed over for the promotion to the rank of Sergeant in an appointment made on December 25, 1992. Under the rules of the Board of Mediation and Arbitration, the parties agreed to an expedited arbitration hearing, which was held on April 28, 1993. At that time both parties presented documentary and oral testimony under oath. At issue was whether the chief of police, in making the promotional appointment was bound by the contract to appoint the most senior officer from among the three highest scoring candidates, or make the appointment of his choice from among the three highest scoring candidates.
"Among the evidence presented by the union to the arbitrator was the sworn testimony of three long-time officers who testified that to their knowledge the past practice in such situations was always to promote the most senior officer, regardless of test scores. Documentary evidence of prior promotions was not available at that time.
"At the conclusion of the hearing the arbitrator rendered his award in an oral presentation, noting that the formal written award CT Page 12692 should follow by mail. In his award the arbitrator found that the Town had, in fact, violated the collective bargaining agreement by not promoting Officer Mathiasen based solely upon his seniority. As a remedy the arbitrator vacated the promotion of Officer John Hamzy and ordered the town to promote Officer Mathiasen, effective December 25, 1992.
"On May 3, 1993, in reliance upon the oral award, the chief of police implemented the arbitrator's order and promoted Officer Mathiasen, returning John Hamzy to the rank of patrolman. Subsequently, on or about May 30, 1993, the chief of police located the misplaced promotion records and discovered that these records appear to contradicts the testimony of the Union's witnesses at the arbitration hearing concerning the historical role of seniority in prior promotions."
On June 7, 1993 the Town filed an application to vacate the arbitration award and attached a supporting memorandum of law. On July 8, 1993 the defendant filed a motion to dismiss the Town's application, which was denied by the court (Pickett, J) on October 26, 1993.
On July 29, 1993 the defendant filed a cross-application to confirm the arbitration award and attached a supporting memorandum of law.
"Arbitration awards are generally upheld and the court gives deference to an arbitrator's decision since it is favored as a means of settling disputes." (Citations omitted.) Bridgeport v.Conn. Police Dept. Employees, 32 Conn. App. 289, 292, 628 A.2d 1336
(1993). "Every reasonable presumption will be made in order to sustain an award." Id., 293. "Under an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact. American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 186,530 A.2d 171 (1987). In the case of an unrestricted submission, one of the three recognized grounds for vacating an award is that "the award contravenes one or more of the statutory prescriptions of Sec. 52-418." Garrity v. McCaskey, 223 Conn. 1, 6, 612 A.2d 742
(1992). Similarly, the court lacks "any discretion in confirming an arbitration award unless the award suffers from any of the defects described in General Statutes Secs. 52-418 and 52-419."Amalgamated Transit Union v. Laidlaw Transit, 33 Conn. App. 1, 4,632 A.2d 713 (1993), citing Von Langendorff v. Riordan, CT Page 12693147 Conn. 524, 528-29, 163 A.2d 100 (1960).
The plaintiff argues that the arbitration award was procured by undue means under Conn. Gen. Stat. Sec. 52-418 because the arbitrator "was not afforded the full, complete and factual evidence necessary for his analysis and decision." According to the plaintiff, the testimony of the defendant's witnesses as to the past practice of promoting officers by seniority was incorrect and incomplete. The plaintiff states that it now has documentary evidence that will refute the evidence put forth by the defendant's witnesses. Because the arbitrator based his decision on the incorrect and incomplete evidence, the plaintiff argues the decision was procured by undue means.
The defendant argues that the award should be confirmed because it was not procured by undue means and the arbitrator did not exceed his authority. The defendant argues that the plaintiff has presented no evidence of undue means on the part of the defendant, but instead, the plaintiff's only basis to vacate the award is its own failure to produce the evidence at the hearing or request a continuance until the evidence was found.
The submission by the parties was unrestricted, so the court will only examine whether "the award contravenes one or more of the statutory prescriptions of Sec. 52-418." Garrity v. McCaskey, supra, 223 Conn. 6. Section 52-418(a) provides, in relevant part, that the court "shall make an order vacating the award if it finds. . . (1) the award has been procured by . . . undue means." Gen. Stat. Sec. 52-418. The only legal authority on which the plaintiff relies is the definition of "undue" in Black's Law Dictionary. Black's defines undue as:
 More than necessary; not proper; illegal. It denotes something wrong, according to the standard of morals which the law enforces in relations of men, and in fact illegal, and qualifies the purpose with which influence is exercised or result which it accomplishes.
Black's Law Dictionary (5th Ed.). The plaintiff argues that the presentation of what it views as incomplete and incorrect testimony constitutes "undue means" under the statute.
The plaintiff, however, has presented no evidence that the defendant or the arbitrator procured the award by undue CT Page 12694 means. The plaintiff states that the testimony of the defendant's witnesses was incorrect in light of the new evidence it discovered after the rendering of the award. The court will not review the evidence considered by the arbitrators to determine whether it was correct or incorrect.American Universal Ins. Co. v. Del Greco, supra,205 Conn. 186. Instead, the court will only consider whether the award was procured by undue means under Sec. 52-418. The plaintiff makes no allegation that the defendant's witnesses committed perjury or did anything improper, besides giving what it views as incomplete and incorrect testimony. According to the defendant's affidavit, the defendant requested the documents in question on a number of occasions a few weeks prior to the hearing. The plaintiff responded that the documents could not be located. Even on the day of the hearing the defendant requested the documents, but the plaintiff still had not located them. The only reason that the documentary evidence was not presented at the hearing was not due to any improper behavior on part of the defendant. Instead, the documents were not presented because the plaintiff, who had possession of them, could not locate them. At the hearing the defendant presented documentary evidence and oral testimony, as did the plaintiff. There are no allegations of perjury or fraud or any improper behavior by the defendant at or prior to the hearing. Instead, the plaintiff feels that the defendant's evidence was incorrect in light of new evidence it has found subsequent to the decision. That allegation alone, without more, does not amount to undue means.
Similarly, the plaintiff has presented no evidence that the arbitrator acted improperly in any way. The plaintiff made no attempt before or during the hearing to continue the proceeding so that it could locate the documents, which it now feels are so crucial to the decision. There is no evidence that the defendant even notified the arbitrator that such evidence existed, despite the fact that according to its own affidavit, it was aware of the existence of such evidence but could not locate it. The plaintiff simply has presented no evidence of any improper behavior on the part of either the defendant or arbitrator. If there was any fault on any party, it was on the plaintiff, who failed to locate documents that were continually within its possession.
While the case of Allen v. Ramsey, 1 Conn. 569 (1816) was decided before the modern arbitration statutes were adopted, CT Page 12695 it succinctly states the difficulties with the plaintiff's argument:
 Here there is no pretence of corruption in the arbitrators; there is no allegation of any mistake by them or any fraud in the party. . . . On the principle contended for, every award might be re-examined; and arbitration, instead of being an expeditious mode of settling controversies, would only be calculated to lengthen and perplex them. The discovery of new evidence; or that the case might be put on a different footing by new evidence; or that a more perfect rule might be adopted; are no grounds for an application. . . .
Allen v. Ramsey, supra, 571. The rule set forth in Allen v. Ramsey
applies as much today as it did when Chief Justice Swift wrote his decision. Without evidence of fraud, illegality or some type of improper conduct, the plaintiff's conduct did not constitute undue means under Sec. 52-418.
The plaintiff also argues that the arbitrator exceeded his authority in ordering the remedy that he did. The plaintiff states that the limit of the arbitrator's authority was to direct the plaintiff to take corrective action, but not to select a specific means of corrective action when alternatives were available.
The submission in this case was:
 Did the Town of Winchester violate the collective bargaining agreement and Article X between the Town and IBPO Local 330 in failing to promote Officer William Mathiasen to the position of Sergeant on December 25, 1992?
If so, what shall the remedy be.
The arbitrator's award found that the Town did violate the collective bargaining agreement and ordered the promotion of John Hamzy on December 25, 1992 to be vacated and ordered the Town to promote William Mathiasen to the position of Sergeant with the effective date of December 25, 1992. The award also ordered that Officer Mathiasen be paid all wages due to him.
"[I]n determining whether an arbitrator has exceeded his CT Page 12696 authority or improperly executed the same under Sec. 52-418(a), the courts need only examine the submission and the award to determine whether the award conforms to the submission." American UniversalIns. Co. v. DelGreco, supra, 205 Conn. 186. "In agreeing to an unrestricted submission, the parties authorized the arbitration panel `to use its own judgment and discretion to render an appropriate award.'" Hartford v. IAFF, Local 760, AFL-CIO, CLC,24 Conn. App. 254, 256-57, 587 A.2d 435 (1991). A trial court is precluded "from substituting its own conclusions for that of the arbitrators," even if it disagrees with the arbitrators' remedy and does not share the arbitrators' conclusions. Id.
The arbitrator's award in this case conformed with the submission. It determined that the collective bargaining agreement was violated and fashioned the remedy that it thought was appropriate. The submission was unrestricted and asked if the plaintiff was in violation of the agreement, what should the remedy be. The arbitrator fashioned a remedy using his own discretion and judgment. Hartford v. IAFF, Local 760, AFL-CIO, CLC, supra,25 Conn. App. 258. The plaintiff has failed to establish that the arbitrator exceeded his authority.
For these reasons, the plaintiff's motion to vacate the arbitration award is denied and the defendant's motion to confirm the arbitration award is granted.
PICKETT, J.