[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action arises out of a dispute between Ted Rosick Construction (Ted Rosick) and RJB Contracting, Inc. (RJB) regarding their rights and liabilities under a construction contract. The parties agreed in writing to submit their dispute to arbitration. On November 14, 1995, upon the completion of the arbitration hearings, the arbitrator, taking into account all credits and "extras," rendered an award in favor of Ted Rosick for the sum of $24,117.40 plus 10% interest, pursuant to General Statutes § 37-3a, from November 4, 1993, to the date of payment.
On November 27, 1995, the claimant, Ted Rosick, filed an application to confirm the arbitration award pursuant to General Statutes § 52-417. Thereafter, on December 14, 1995, the respondent, RJB, filed an application to correct and/or modify the arbitration award pursuant to General Statutes § 52-419 on the ground that the arbitrator's award of prejudgment interest was beyond the scope of the submission of the parties. The claimant then filed an objection to the respondent's motion on December 18, 1995, along with a memorandum of law in support of the claimant's motion to confirm.
The issue presented by the present applications is whether the arbitrator's award of prejudgment interest pursuant to General Statutes § 37-3a was beyond the scope of the submission of the parties. RJB essentially argues that the arbitrator improperly awarded statutory interest in this matter and that the award must be corrected and/or modified, pursuant to General Statutes §52-419[1], to exclude interest as an element of damages.
The scope of judicial review of an arbitration award is limited. "[W]hen arbitration is consensual, rather than CT Page 1353-A statutorily imposed, judicial review is limited in scope. . . . [T]he resulting award is not reviewable for errors of law or fact. . . . Judicial review of unrestricted submissions is limited to a comparison between the submission and the award to see whether . . . their award conforms to the submission." (Internal quotation marks omitted.) Bodner v. United Services Automobile Assn., 222 Conn. 480,487-88, 610 A.2d 1212 (1992). "Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings. Hence, the burden rests on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission." (Internal quotation marks omitted.) Board of Education v. Waterbury Teachers Assn.,216 Conn. 612, 618, 583 A.2d 626 (1990).
"Unless the submission provides otherwise, an arbitrator has authority to decide factual and legal questions, and courts will not review the evidence, or, where the submission is unrestricted, the arbitrator's determination of legal questions." O G/O'ConnellJoint Venture v. Chase Family Ltd. Partnership No. 3, 203 Conn. 133,153-54, 523 A.2d 1271 (1987). "The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." Garrity v. McCaskey, 223 Conn. 1, 5, 612 A.2d 742
(1992).
The agreement in the present case provides that the parties "hereby agree to submit these issues between them arising out of contract entitled Purchase Order #2226 dated July 9, 1993 to the honorable Edward Fitzpatrick, arbitrator." (Claimant's Application to Confirm Arbitration Award, Exhibit B, Agreement.) The parties agreed to the following relevant issues in their submission: "What sums are due Ted Rosick Construction from RJB Contracting, Inc.; What credits are due to RJB Contracting, Inc. from Ted Rosick Construction." (Claimant's Application to Confirm Arbitration Award, Exhibit B, Submission.) In the absence of any such qualifications in the agreement or the submission, the court finds that the parties' submission in the present case is unrestricted.
Following the arbitration hearings, the arbitrator concluded that Ted Rosick's damages, taking into account all credits to RJB and all "extras" to which Ted Rosick was entitled, totaled "$24,117.40 plus 10% interest pursuant to Section 37-3a of the General Statutes from November 4, 1993 to the date of payment." CT Page 1353-B (Claimant's Application to Confirm Arbitration Award, Exhibit A, Finding and Award, p. 6.) "Whether or not an award conforms to the submission is an inquiry which asks simply whether or not the arbitrator has answered the questions lawfully put to him. If he answers those questions and no others, then his award conforms to the submission." Metropolitan Dist. Comm. v. American Fed'n,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 704644 (June 8, 1995, Sheldon, J.). the arbitrator's award in the present case answers the question presented by the parties' submission and therefore conforms to the submission. An award of interest simply recognizes the fact that "[m]oney awarded at a later time, in some financial climates, is worth less than if it had been paid when due." Neiditz v. Morton S.Fine Associates, Inc., 2 Conn. App. 322, 331, 479 A.2d 249
(1984), modified, 199 Conn. 683, 508 A.2d 438 (1986). "Since the award conforms to the submission, the defendants' claim that the arbitrators exceeded their powers is without merit." O G/O'ConnellJoint Venture v. Chase Family Ltd. Partnership No. 3, supra, 203 Conn. 154.
Under Connecticut law, "interest at a rate of ten per cent a year, and no more, may be recovered and allowed in civil action and arbitration proceedings under chapter 909 . . . as damages for the detention of money after it becomes payable." General Statutes § 37-3a; Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681,701, 590 A.2d 957 (1991). "Whether interest should be allowed as an element of damages `is primarily an equitable determination and a matter within the discretion of the trial court.'. . . The court's determination should be made `in view of the demands of justice rather than through the application of any arbitrary rule.'" (Citations omitted.) Stephan v. Pennsylvania General Ins. Co.,224 Conn. 758, 765, 621 A.2d 258 (1993). "Interest and costs need not be specially claimed in the demand for relief, in order to recover them." Practice Book § 140. "Whether interest may be awarded depends on whether the money involved is `payable' . . . and `whether the detention of the money is or is not wrongful under the circumstances.'" (Citations omitted.) Stephan v. PennsylvaniaGeneral Ins. Co., supra, 224 Conn. 765. The fact that a dispute is "hotly contested" does not mean that an award of prejudgment interest is inappropriate. Solomon v. Hall-Brooke FoundationInc., 30 Conn. App. 136, 147, 619 A.2d 866 (1993).
Contrary to the respondent's argument at short calendar, an award of interest is not punitive in nature. Interest awarded pursuant to General Statutes § 37-3a "is intended to compensate the prevailing party for a delay in obtaining money that rightfully CT Page 1353-C belongs to him." Neiditz v. Morton S. Fine Associates Inc.,199 Conn. 683, 691, 508 A.2d 438 (1986). As stated above, "[t]he allowance of interest as an element of damages is primarily an equitable determination and a matter within the discretion of the trial court." (Internal quotation marks omitted.) MiddlesexMutual Assurance Co. v. Walsh, supra, 218 Conn. 701-02. "In agreeing to an unrestricted submission, the parties authorized the arbitration panel `to use [its] own judgment and discretion and to render an appropriate award.'" Hartford v. IAFF, Local 760,24 Conn. App. 254, 258, 587 A.2d 435 (1991). Although the trial court may disagree with the arbitrator's award and may not share the arbitrator's conclusions, "the court is precluded from substituting its own conclusions for that of the arbitrators." Id.
In light of the limited scope of judicial review of an arbitrator's award and the discretionary nature of awarding interest as an element of damages, the arbitrator's award in the present case conforms to the submission and this court finds that the arbitrator acted within his authority as defined by the submission and the parties' agreement. See Spicer v. Spicer,
judicial district of New London at New London, Docket No. 523339 (October 16, 1995, Hendel, J.) ("The arbitrator's award of interest to the plaintiff is within the arbitrator's authority . . ."). The submission was unrestricted and asked the arbitrator to determine what sums are due Ted Rosick from RJB. The arbitrator made a determination using his judgment and discretion; Hartford v. IAFF,Local 760, supra, 24 Conn. App. 258; and awarded the claimant $24,117.40 plus interest. An award of interest is an equitable consideration and simply "compensate[s] the prevailing party for a delay in obtaining money that rightfully belongs to him." Neiditzv. Morton S. Fine Associates, Inc., supra, 199 Conn. 691.
This court finds that the respondent has failed to satisfy its burden and establish that the arbitrator's award exceeded the scope of the parties' submission. Accordingly, Ted Rosick Construction's application to confirm the award is granted and RJB Contracting, Inc.'s application to correct and/or modify the award is denied.
William J. Sullivan, Judge