BOARD OF EDUCATION OF THE CITY OF BRIDGEPORT *v.*
BRIDGEPORT EDUCATION ASSOCIATION

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued June 8—decision released July 19, 1977

*E. Stanton Kennedy,* for the appellant (defendant).

*Edgar P. DeVylder, Jr.,* with whom were *Warner K. Depuy* and, on the brief, *Warren W. Egington,* for the appellee (plaintiff).

BOGDANSKI, J.   John Sparano, a guidance counselor in the Bridgeport school system, applied to the Bridgeport Board of Education for sabbatical leave for the academic year 1975—1976.  A collective bargaining agreement, then in effect between the Board of Education and the Bridgeport Education Association, made provision for such leave.  On February 28, 1975, Sparano was informed that "[w]hile your proposal has some merit, it was not

felt sufficient enough to be granted a sabbatical leave in these most pressing times." Sparano filed a grievance over that denial, claiming that the board of education had improperly taken the financial condition of the city into consideration in denying his application. From the denial of that grievance, the parties took the matter to arbitration.

The parties agreed on the following submission: "(1) Did the Board of Education violate the collective bargaining agreement by denying the request of John Sparano for sabbatical leave? (2) If so, what shall the remedy be?" After a hearing, the arbitrator issued the following award: "(1) The Board of Education violated the collective bargaining agreement by denying the request of John Sparano for sabbatical leave. (2) The Board of Education shall offer John Sparano sabbatical leave for the academic year 1976-77 for the purpose of pursuing substantially the course of study proposed in his request."

Pursuant to § 52-418 of the General Statutes the board moved to vacate the award claiming that the arbitrator exceeded his powers in making the award. The court rendered judgment in favor of the board and the association took this appeal, assigning error in the court's action in vacating the award.

At the outset, the board claims that the failure of the association to request a finding precludes a review of the court's decision. "No finding is necessary where the claim of error is based upon the face of the record. This would be so when all the claims of error arise upon the basis of pleadings or papers forming the record of the case in the trial court." Maltbie, Conn. App. Proc. § 126. In the

context of the claims raised in this case, where no evidence was heard by the court, the existing record provides an adequate basis for review. *Meyers* v. *Lakeridge Development Co.,* 173 Conn. 133, 134, 376 A.2d 1105; *Winchester Repeating Arms Co.* v. *Radcliffe,* 134 Conn. 164, 169, 56 A.2d 1.

Courts favor arbitration as a means of settling differences and arbitration awards are generally upheld except where an award clearly falls within the proscriptions of § 52-418[1] of the General Statutes. *International Union* v. *Fafnir Bearing Co.,* 151 Conn. 650, 653, 201 A.2d 656; *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.,* 145 Conn. 285, 288, 141 A.2d 479.

Arbitration is a creature of contract and the parties themselves, by the agreement of submission, define the powers of the arbitrators. *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.,* 148 Conn. 192, 197, 169 A.2d 646; *Niles-Bement-Pond Co.* v. *Amalgamated Local 405,* 140 Conn. 32, 36, 97 A.2d 898. As the parties

---

[1] "[General Statutes] Sec. 52-418. VACATING AWARD. In any of the following cases the superior court for the county in which one of the parties resides or, in a controversy concerning land, for the county in which the land is situated or, when said court is not in session, any judge thereof, shall make an order vacating the award upon the application of any party to the arbitration: (a) If the award has been procured by corruption, fraud or undue means; (b) if there has been evident partiality or corruption on the part of the arbitrators or either of them; (c) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; (d) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators."

set the limits on the arbitrators' powers, they are bound by the limits they have fixed. *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.,* supra. Thus, in deciding whether arbitrators have "exceeded their powers," as that phrase is used in § 52-418 (d), courts need only examine the submission and the award to determine whether the award conforms to the submission. *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.,* 145 Conn. 285, 289, 141 A.2d 479; *New Britain Machine Co.* v. *Lodge 1021,* 143 Conn. 399, 404, 122 A.2d 786.

In this case, an examination of the submission reveals that the parties, in effect, directed the arbitrator to determine whether the board committed error in its interpretation and application of the terms of the collective bargaining agreement and in the exercise of its judgment in denying the application for sabbatical leave and, if he found error, to determine what the remedy shall be. The arbitrator found that the board erred in denying the request, and remedied that error by his award. On the face of the record, the award conforms to the submission.

The board, nonetheless, contends that the arbitrator was unfaithful to his obligation in that (1) the arbitrator modified a term of the agreement in bypassing the provision calling for the superintendent's recommendation,[2] and (2) the arbitrator's

---

[2] The agreement provides in relevant part: "The Board of Education, upon recommendation of the Superintendent of Schools, shall permit not more than seven (7) teachers, each of whom shall have been employed by said Board for an aggregate period of not less than seven (7) consecutive years to receive a sabbatical leave of absence for a period of one (1) year at three-fourths of their regular salary under such rules and regulations as shall from time to time be adopted by said Board."

award had the effect of usurping the function of the board in its exercise of judgment and discretion in determining whether a sabbatical leave should be granted.[3]

"An arbitrator's fidelity to his duty is to be tested by comparing the award with the submission in order to determine its conformity thereto. *Norwich Roman Catholic Diocesan Corporation* v. *Southern New England Contracting Co.,* 164 Conn. 472, 477, 325 A.2d 274. This court frequently has stated that the award rather than the finding and conclusions of fact controls, and that, ordinarily, the memorandum of the arbitrator is irrelevant. *International Union* v. *Fafnir Bearing Co.,* 151 Conn. 650, 654, 201 A.2d 656; *Von Langendorff* v. *Riordan,* 147 Conn. 524, 527, 163 A.2d 100; *American Brass Co.* v. *Torrington Brass Workers' Union,* 141 Conn. 514, 522, 107 A.2d 255. The memorandum, however, may be examined in considering this question of the infidelity of the arbitrator to his obligation. As we stated in *International Union* v. *Fafnir Bearing Co.,* supra: 'There is no legal doctrine, however, which dictates the exclusion of an arbitrator's opinion or which forbids its examination in the determination . . . whether an arbitrator in his award has demonstrated infidelity to his obligation.'" *Costello Construction Corporation* v. *Teamsters Local 559,* 167 Conn. 315, 319, 355 A.2d 279.

---

[3] Article III of the agreement provides: "The arbitrator shall be without power or authority to make any decision . . . which is violative of the terms of this Agreement and shall be without power or authority to add to, subtract from, modify or delete any term or provision of this Agreement. The decision of the arbitrator shall be submitted to the Board and to the Bridgeport Education Association and, subject to law, shall be final and binding, provided that the arbitrator shall not usurp the function of the Board or the proper exercise of the judgment and discretion of the Board under law and under this Agreement."

With respect to the first of the board's claims, the arbitrator specifically found in his memorandum of decision that the parties did not intend the board to be bound by the superintendent's judgment; that the superintendent was the board's agent; and that the board "could hardly be expected to welcome the notion that it should be bound by the decision of its agent."

With respect to the second claim, the arbitrator found that "[i]f the paragraph about sabbatical leaves is to have any significance at all, it settled the duty of the Board to use part of its budget for sabbatical leaves up to as many as seven, when there were that many applicants who had served for the required period and whose applications were otherwise meritorious." The arbitrator went on to delineate the factors which could properly be considered by the superintendent and the board in processing the application. After a review of the circumstances of the dispute, he concluded that there was a "high degree of probability" that the superintendent would have recommended and that the board would have granted the application if financial stringency had not been a factor in their determinations, and directed the board to grant the sabbatical leave.

The submission of the parties in this case gave the arbitrator broad powers to settle a dispute which the parties had been unable to resolve themselves. That submission authorized and directed the arbitrator to utilize his skill and judgment to decide the question of whether the board violated the agreement by denying Sparano's request for sabbatical leave. While the underlying agreement prohibits an arbitrator from usurping the function

of the board or the proper exercise of its judgment or discretion, there is nothing to prohibit the board from delegating to the arbitrator the power to determine whether the board erred in its exercise of judgment and discretion in its consideration of an application for sabbatical leave. By agreeing to the unlimited submission in this case, the board authorized the arbitrator to exercise his own judgment and discretion and to render an appropriate award. Since the submission in this case had the effect of granting the arbitrator that authority, we cannot say that he exceeded his powers in the award he rendered.

The memorandum reveals that the arbitrator reached his decision after careful consideration of the terms of the agreement and of evidence of the intentions and past practices of the parties. "Every reasonable presumption and intendment will be made in favor of the award and of the arbitrators' acts and proceedings. Hence, the burden rests on the party attacking the award to produce evidence sufficient to invalidate or avoid it." *Gary Excavating Co.* v. *North Haven,* 160 Conn. 411, 413, 279 A.2d 543. We conclude that the board has not met its burden of establishing that the arbitrator had exceeded his powers within the meaning of § 52-418 (d).

There is error, the judgment is set aside and the case is remanded with direction to render judgment dismissing the board's application.

In this opinion the other judges concurred.