ROBERT OLDREAD ET AL. *v.* NATIONAL UNION
FIRE INSURANCE COMPANY OF PITTSBURGH
(3554)

BORDEN, SPALLONE and DALY, Js.

Argued October 8—decision released November 26, 1985

*John W. Lemega,* with whom was *Mark B. Seiger,*
for the appellant (defendant).

*Andrew J. O'Keefe,* with whom were *Maureen A. Sullivan* and, on the brief, *Richard J. Kenny,* for the
appellees (plaintiffs).

SPALLONE, J. The defendant is appealing from a judgment of the trial court rendered upon an application
to compel arbitration brought pursuant to General Statutes § 52-410.[1]

---

[1] General Statutes § 52-410 provides: "APPLICATION FOR COURT ORDER
TO PROCEED WITH ARBITRATION. (a) A party to a written agreement for
arbitration claiming the neglect or refusal of another to proceed with an

On or about February 5, 1982, the plaintiff Robert Oldread was operating a motor vehicle, with the permission of its owner, Dayco Corporation, in which the plaintiffs Jeanine and Robin Oldread were passengers. The vehicle was involved in an accident in Suffield, Connecticut, with a motor vehicle being driven by Lynne M. Markwell. The plaintiffs sustained injuries as a result of the accident and recovered the limits of the insurance policy which covered the Markwell vehicle.

The vehicle occupied by the plaintiffs was insured by the defendant in accordance with a policy, issued to the Dayco Corporation, which covered Dayco's nationwide fleet of vehicles. The policy provided uninsured motorist coverage and contained a provision which allowed either party to the agreement to make a written demand for arbitration if the parties disagreed as to whether damages were recoverable from the operator or owner of the uninsured motor vehicle. The policy provided further that such a disagreement would be settled by a single neutral arbitrator, whose expenses

arbitration thereunder may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order directing the parties to proceed with the arbitration in compliance with their agreement. The application shall be by writ of summons and complaint, served in the manner provided by law.

"(b) The complaint may be in the following form: '1. On. . . ., 19. ., the plaintiff and the defendant entered into a written agreement for arbitration, of which exhibit A, hereto attached, is a copy. 2. The defendant has neglected and refused to perform the agreement for arbitration, although the plaintiff is ready and willing to perform the agreement. The plaintiff claims an order directing the defendant to proceed with an arbitration in compliance therewith.'

"(c) The parties shall be considered as at issue on the allegations of the complaint unless the defendant files answer thereto within five days from the return day, and the court or judge shall hear the matter either at a short calendar session, or as a privileged case, or otherwise, in order to dispose of the case with the least possible delay, and shall either grant the order or deny the application, according to the rights of the parties."

would be borne equally by the parties. Unless the parties agreed otherwise, arbitration would take place in the county in which the insured lives. Local rules of law as to arbitration procedure and evidence were made applicable, and the decision of the arbitrator was to be considered binding.

By letter dated May 4, 1984, the plaintiffs made written demand for arbitration. At the time of this demand, the plaintiffs were residents of the state of New Jersey. The defendant declined to submit to arbitration, and the plaintiffs sought an order "directing the defendant to proceed with arbitration" from the trial court in Connecticut.

After a hearing, the court rendered its judgment which ordered: (1) that the defendant proceed with arbitration; (2) that the arbitration take place in the state of New Jersey; (3) that the arbitration be conducted before a three-member arbitration panel, with the plaintiffs and defendant each to appoint one arbitrator and the third member of the panel to be appointed by the first two; and (4) that the arbitration take place in accordance with the laws and appropriate regulations of the state of Connecticut.

On appeal, the defendant challenged only parts (3) and (4) of the court's judgment. At oral argument, the defendant withdrew any claim of error as to part (3), without, however, conceding its validity. The defendant's sole claim of error is that the trial court exceeded its authority when it ordered the parties to conduct the arbitration proceedings under Connecticut law despite ordering that the arbitration was to take place in New Jersey. We agree.

The authority for arbitration must be derived from the agreement of the parties. *W. J. Megin, Inc.* v. *State,* 181 Conn. 47, 49, 434 A.2d 306 (1980). "The arbitration provision in an agreement is, in effect, a separate

and distinct agreement. Courts of law can enforce only such agreements as the parties actually make." *Connecticut Union of Telephone Workers* v. *Southern New England Telephone Co.*, 148 Conn. 192, 197, 169 A.2d 646 (1961).

When a party to a written agreement for arbitration refuses or neglects to proceed with such an arbitration, the other party may make an application to Superior Court for an order directing the parties to proceed with arbitration in compliance with their agreement. General Statutes § 52-410 (a). The trial court's authority is restricted to "grant[ing] the order or deny[ing] the application, according to the rights of the parties." General Statutes § 52-410 (c). In the present action, the trial court went beyond this authority.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except that that part of the order providing that Connecticut law govern the New Jersey arbitration proceedings shall be omitted.

In this opinion the other judges concurred.