[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These cases come before the court on the application of People's Securities, Inc. ("PSI") to modify or confirm an arbitration award and the application of Richard Rizzardi and Maribeth Rizzardi to vacate that award. The parties have stipulated that in November 1987 disputes arose between them concerning the Rizzardis' stock brokerage account with PSI. PSI commenced an action against the Rizzardis in this court on or about November 23, 1981 seeking payment for transactions in the Rizzardis' account. In May 1988, the Rizzardis filed an answer and counterclaim in which they alleged negligence and breach of fiduciary duty. On September 14, 1988, PSI sent the Rizzardis notice of an intent to arbitrate the disputes. At the hearing herein, the president of PSI explained that the brokerage firm discovered belatedly that the account agreement with the Rizzardis provided for arbitration of disputes. The Rizzardis have stipulated that Section 16 of the Customer Agreement they executed on February 28, 1985 in fact provided for arbitration of disputes of the nature at issue in the lawsuit filed by PSI.
PSI moved for a stay of adjudication of the Rizzardis' counterclaim pending completion of contractual arbitration. The Rizzardis objected on the ground that PSI had chosen the superior court as a forum, had engaged in discovery, and had filed a motion to revise their counterclaim. They pointed out that more than ten months had elapsed since the initiation of suit and approximately four months from the filing of the counterclaim.
The court, Mihalakos, J., rejected the Rizzardis' claim that PSI had waived its right to arbitration by unjustifiably delaying its demand for arbitration and by pursuing substantial litigation in another forum. Judge Mihalakos determined that the conduct at issue did not constitute a waiver and issued a CT Page 4577 stay contingent upon application of the stay to PSI's claims as well as to the Rizzardis' counterclaim and claim for set-off. The Rizzardis filed an appeal from this ruling, however the appeal was dismissed by the Appellate Court after PSI objected that no appeal lay because the stay was not a final judgment. A petition for certification of the appeal was denied by the Connecticut Supreme Court.
According to the account agreement, arbitration was to take place in New York, and the Rizzardis filed a petition in the Supreme Court of the State of New York seeking a stay of the arbitration on the ground that PSI had waived its right to arbitration by commencing suit in Connecticut. The New York trial judge (Nardelli, J.), conducted an independent analysis of the waiver claim under New York law and, concluding that the duration and extent of the pursuit of the litigation in Connecticut had not been so extensive as to constitute a waiver of arbitration, he denied the petition for a stay. No appeal was taken from that ruling.
The parties proceeded with arbitration before a panel of the National Association of Security Dealers, Inc. with regard to the claim of PSI that the Rizzardis owed a $928,000 deficiency as to their account and as to Rizzardis' counterclaim of negligence and breach of fiduciary duties. After a four-day proceeding, the arbitrators found the Rizzardis jointly and severally liable to PSI in the amount of $708,000.00 and dismissed the Rizzardis' counterclaim in its entirety.
The Connecticut Supreme Court has concluded that 52-418
C.G.S. does not set forth the exhaustive list of the circumstances in which a court may vacate an arbitration award. Stratford v. Local 134, IFPTE, 201 Conn. 577, 583 (1986). It is therefore not crucial that the Rizzardis establish one of the grounds set forth in 52-418, although it appears that they characterize the claimed waiver of arbitration as a circumstance which removed from the arbitrators the power to render a binding award, that is, an invocation of52-418 (a)(4):
 The Superior Court. . .shall make an order vacating the award if it finds. . .(4) the arbitrators have exceeded their powers. . . .
In Continental Insurance Co. v. Cebe-Habersky, 214 Conn. 209
(1990), the Supreme Court indicated that an arbitration award may be set aside pursuant to 52-418 (a)(4) where a condition precedent to arbitration has not been satisfied. The sole ground identified in the Rizzardis' application to CT Page 4578 vacate the award is that PSI waived its right to invoke the arbitration clause by l) originally submitting its claim to this court and 2) failing to invoke the arbitration clause as to their counterclaim until four months after the counterclaim had been filed.
The Rizzardis contend that Judge Mihalakos' ruling on precisely the same issues is not res judicata, however they invoke the same case law relied on by Judge Mihalakos in his determination that there had been no waiver under the circumstances. At oral argument, the Rizzardis conceded by counsel that although the motion to vacate the arbitration award is in a separate case file from the motion to stay granted by Judge Mihalakos, the situation is governed by the standards set forth in Breen v. Phelps, 186 Conn. 86, 98-100
(1982). That case counsels that a judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings and may reconsider the question and either treat the prior ruling as the law of the case if of the opinion that the issue was correctly decided or apply his or her own judgment if convinced that "the view of the law previously applied by his [sic] coordinate predecessor was clearly erroneous and would work a manifiest injustice." Breen, supra, at 100. See also State v. Almeida, 211 Conn. 441, 453, (1989).
Judge Mihalakos' ruling recognizes that Connecticut case law concerning stays of arbitration where one party first resorts to the court is based on a calculation whether the goal of expeditious adjudication will be better served by the continuation of the court precedings or the pursuit of arbitration proceedings. Waterbury Teachers Association v. Waterbury, 164 Conn. 426, 431 (1973); Maryann's Bake Shops, Inc. v. Arrow Stores, Inc., 149 Conn. 149 (1961).
As in the instant case, it was the plaintiff in Waterbury Teachers Association v. Waterbury who invoked an arbitration process after commencing suit. The court in Waterbury, supra, at 435, found waiver when the court trial was near completion before the motion for stay was filed, and ruled that such delay in invoking the arbitration clause constituted waiver. PSI's lawsuit, by contrast, had progressed very little despite the passage of ten months, and the discovery pursued was not shown to exceed what was later resorted to under the rules of the arbitration procedure. While the Rizzardis claim to have incurred substantial legal fees as a result of the court proceedings, they did not establish that the work performed was not also useable in the arbitration proceeding.
As in Rush v. Oppenheimer Co., 779 F.2d 285 (2nd Cir. 1985), engagement in pretrial motions and discovery was not so CT Page 4579 extensive as to constitute a waiver of PSI's right to invoke the arbitration clause, since the invocation came early enough to obtain the recognized advantages which have caused arbitration to be favored by the courts. Board of Education of City of Bridgeport v. Bridgeport Education Association,173 Conn. 287 (1977).
This court finds no reason to reach a conclusion different from that of Judge Mihalakos on the issue of waiver, and the motion to vacate the award is therefore denied.
While PSI has applied to modify the award or, in the alternative, to confirm it, at the hearing on its application it did not pursue the issue of modification, and the court treats that claim as abandoned. The application to vacate is denied, and the application to confirm the award is granted pursuant to 52-420 C.G.S
BEVERLY J. HODGSON, JUDGE