[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CONFIRM ARBITRATION AWARD (#101)
I. FACTS
The following facts are found in the plaintiffs motion to confirm an arbitration award, as well as through documentary and CT Page 1464 testimony evidence entered at the hearing held on February 10, 1992. The plaintiff and the defendant executed a written contract (the "contract") on April 7, 1988 for the purchase and sale of a yacht. Plaintiff's Exhibit A. On March 27, 1990, the parties executed an amendment (the "amendment") to their written contract. Plaintiff's Exhibit B. Paragraph 10 of this amendment provides that if the defendant does not ship the yacht by March 31, 1991, then the defendant agrees that liquidated damages of $100,000 are due and agrees to execute a stipulated judgment for that amount. Plaintiff's Exhibit B. The defendant neither delivered the yacht on time nor paid any liquidated damages. Testimony of Seymour Shapiro, Vice President of the defendant. Paragraph 13 of the contract provides that any disputes arising under the contract will be subject to binding arbitration by the American Arbitration Association, New York (the "AAA"). Plaintiff's Exhibit B. On June 8, 1991, the plaintiff filed a Demand for Arbitration with the AAA, seeking $100,000 plus interest and costs. Plaintiff's Exhibit C. The arbitration was held in New York, New York on October 29, 30 and 31, 1991. Plaintiff's Exhibit D. The defendant was represented at this arbitration by its president, C. Y. Chen. Testimony of Seymour Shapiro. On December 5, 1991, the arbitrator, Brian D. Starer, Esq., awarded the plaintiff $101,750. Plaintiff's Exhibit E.
II. DISCUSSION
 It is undisputed that arbitration awards are generally upheld and that we give great deference to an arbitrator's decisions since arbitration is favored as a means of settling disputes. Board of Education v. AFSCME, 195 Conn. 266, 270, 487 A.2d 553 (1985); Board of Education v. Local 818, 5 Conn. App. 636, 639, 502 A.2d 426 (1985); Trumbull v. Trumbull Police Local 1745, 1 Conn. App. 207, 211-12, 470 A.2d 1219 (1984). Although a party to arbitration is entitled to judicial review, the autonomous nature of the arbitration process dictates minimal intrusion by the courts. Middletown v. Police Local, No. 1361, 187 Conn. 228, 230, 445 A.2d 322 (1982). The scope of judicial review of an arbitration award is limited by General Statutes Sec. 52-418 and by the terms of the contract between the parties. CT Page 1465
 Carroll v. Aetna Casualty Suret Co., 189 Conn. 16, 22, 453 A.2d 1158
(1983); Trumbull v. Trumbull Police Local 1745, supra. Specifically, review is limited to a comparison of the award with the submissions and to a determination of whether the award conforms to the submissions. Watertown Police Union Local 541 v. Watertown, 210 Conn. 333, 338-39, 555 A.2d 406
(1989); American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 186, 530 A.2d 171 (1987); O G/O'Connell Joint Venture v. Chase Family Limited Partnership No. 3, 203 Conn. 133, 153, 523 A.2d 1271 (1987); Stratford v. Local 134, IFPTE, 201 Conn. 577, 584, 519 A.2d 1 (1986); Caldor, Inc. v. Thornton, 191 Conn. 336, 340, 464 A.2d 786 (1983), aff'd, 472, U.S. 703, 105 S.Ct. 2914, 86 L.Ed.2d 557 (1985). The submission defines the scope of the entire arbitration proceedings by specifically delineating the issues to be decided and no matter outside the submission may be included in the award. Hartford v. Local 760, 6 Conn. App. 11, 14, 502 A.2d 429 (1986); see Oldread v. National Union Fire Ins. Co. of Pittsburgh, 5 Conn. App. 517, 519-20, 500 A.2d 956 (1985). The court may not review the award for errors of law or fact. Bic Pen Corporation v. Local No. 134, 183 Conn. 579, 584 440 A.2d 774 (1981); Hartford v. IAFF, Local 760, AFL-CIO, CLC, 24 Conn. App. 254, 256-57m 587 A.2d 435 (1991).
 Where the parties have consented to arbitration and have framed the issues submitted, we "make every reasonable presumption in favor of the arbitration award and the arbitrator's acts and proceedings." O G/O'Connell Joint Venture v. Chase Family Limited Partnership No. 3, supra 145; Bic Pen Corporation v. Local No. 134 supra, 585; Trumbull v. Trumbull Police Local 1475, supra, 212. The burden of demonstrating the nonconformity of the award to the submission is on the party CT Page 1466 seeking to vacate the award. O 
G/O'Connell Joint Venture v. Chase Family Limited Partnership No. 3, supra, 14S-46 Bruno v. Department of Consumer Protection, 190 Conn. 14, 18, 456 A.2d 685 (1983); Bic Pen Corporation v. Local No. 134, supra.
Board of Education v. Hartford Federation of School Secretaries, 26 Conn. App. 351, 352-54, ___ A.2d ___ (1992).
The court finds that proper service was made upon the defendant, and that proper notice was given to the defendant concerning these proceedings, but defaulted for failing to appear at the hearing of February 10, 1992.
It is further found that a review of the file as well as the evidence submitted in court reveal that the award conforms to the submission. It is also found that the defendant did not meet its burden of showing that the award did not conform to the submission.
Accordingly, the court confirms said award and it is so ordered.
AUSTIN, JUDGE