[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
The plaintiff City of Meriden, has filed a Motion and Application to Vacate Arbitration Award dated May 13, 1992.
The Plaintiff seeks to vacate an award rendered on April 16, 1992, by the Connecticut State Board of Mediation and Arbitration, Frederick F. Ward II.
Said award is as follows:
AWARD
 The matter is arbitrable. The termination of Antonio Ridente on April 12, 1991 was not for just cause. The grievant shall be reinstated with full back pay and benefits less any temporary workers' compensation or unemployment compensation received.
CT Page 8903 The plaintiff claims that the award should be vacated in accordance with 52-418 Connecticut General Statutes, because of the following:
 (a) the matter was deemed arbitrable despite the fact of the grievant's filing another action in the superior court claiming discrimination for having a work related injury; and
 (b) by not allowing a court reporter to be present at the hearing, thus not allowing the plaintiff to preserve essential elements of the record; and
 (c) by not defining the issue as initially grieved and claimed by the union; and
 (d) by not permitting the plaintiff at the hearing to call the grievant to testify; and
 (e) by ignoring the clear and uncontroverted medical evidence that the grievant could never return to his regular duties as a Building Custodian, the position for which he was hired, and that such return would result in further injuries and a worsening of his physical condition; and
 (f) by ignoring Article III of the labor agreement, the incorporated Policies and Procedures for Personnel of the City of Meriden, the relevant statutes and law, and the evidence elicited at the arbitration hearing, whereby the plaintiff is entitled to a stable workforce and to employ and retain workers capable of performing the position for which they were hired.
 II
The record reveals that the plaintiff and defendant entered into a collective bargaining agreement on July 1, 1989, covering the period beginning July 1, 1989 to June 30, 1992.
Section XVIII of the agreement provides for grievance procedures. Section d provides:
If such grievance is not resolved to the satisfaction of CT Page 8904 the Union by the City Manager within ten (10) working days after such meeting, the Union may within ten (10) working days thereafter submit the grievance to the Connecticut State Board of Mediation and Arbitration for the purpose of mediation. Said Board shall hear and act on such dispute in accordance with its rules and render a decision which shall be final and binding on all parties. In the event such dispute involves disciplinary action, the Board of Mediation and Arbitration will have the power to uphold the action of the City or rescind or modify such action, and such powers shall include, but shall not be limited to, the right to reinstate a suspended or discharged employee with full back pay.
Antonio Ridente, an employee of the City of Meriden, who is covered by said agreement, was terminated by the plaintiff on March 28, 1991, effective April 12, 1992.
Pursuant to the grievance procedure, the defendant filed a grievance on behalf of Antonio Ridente, in connection with his employment termination. Since the grievance was not resolved by the parties, it was submitted to the Connecticut State Board of Mediation and Arbitration. A hearing was held on April 8, 1992, and the arbitration award is dated April 16, 1992.
Such procedure was provided by the collective bargaining agreement. Said agreement is a contract between the plaintiff and defendant.
 III
In the "Official Grievance Form" filed by the defendant the following was alleged:
 We the union and Tony grieve the fact that Tony was terminated without just cause as of April 12, 1991. The city has discriminated against Tony by dismissing him from service for a work related injury. This is in direct violation of Article XVIII Section 3 and Article XXII of the bargaining unit agreement.
The arbitrator found the issues as follows:
CT Page 8905 Is the matter arbitrable?
 Was the termination of Antonio Ridente on April 17, 1991 for just cause and if not what shall the remedy be?
The plaintiff, City of Meriden, asserts that the arbitrator's award should be vacated pursuant to 52-418
Conn. Gen. Stat. because the arbitrator exceeded his powers or so imperfectly executed them that a material, final and definite award upon the subject matter submitted was not made; also, because the arbitrator was guilty or misconduct in refusing to hear evidence pertinent and material to the controversy.
 IV
Our Supreme Court has held that courts favor arbitration as a method of resolving disputes, and awards are generally upheld except where it clearly falls within the proscription of 52-418. Board of Education v. Bridgeport Education Assn., 173 Conn. 287,290.
Every reasonable presumption should be made in favor of the award, and the burden of proof rests with the plaintiff to present sufficient evidence to set the award aside. Milford Employees Assn. v. Milford, 179 Conn. 678, 683.
The court must first look to the submission to determine if it conforms to the award.
Upon review of the submission and the award, the court finds that the award of the arbitrator is in conformity with the submission. And although the plaintiff has alleged to the contrary, it has not sustained its burden of proof on this issue. Therefore, it is concluded that the arbitrator did not exceed his power within the meaning of 52-418.
The plaintiff also alleges that the arbitrator was guilty of misconduct in violation of 52-418, in that the arbitrator did not allow the plaintiff to question the grievant. However, misconduct under the statute in this regard is only if the arbitrator refuses to hear evidence pertinent and material to the controversy. The plaintiff has not shown what the testimony might have been, how it might have affected the outcome and indeed if it were pertinent and material, how it was pertinent and CT Page 8906 material.
Therefore the court finds that the plaintiff has not met its burden of proof on this issue and has not established misconduct by the arbitrator under 52-418.
Accordingly this court finds no basis for vacating the decision of arbitrator, and the plaintiff's motion and application to vacate arbitration award is denied.
STENGEL, J.