[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S APPLICATION TO CONFIRMARBITRATION AWARD AND DEFENDANT'S APPLICATION TO VACATEARBITRATION AWARD
The parties to this case were also parties to a contract which provided for disputes arising under that contract to be resolved through arbitration. Such disputes in fact did arise, the defendant initiated arbitration proceedings, and the plaintiff brought a counterclaim in connection with the same arbitration proceedings. On March 31, 1996, the arbitrator, Joseph P. McDonough, rendered an award denying the defendant's claim against the plaintiff. On the counterclaim, the arbitrator awarded the plaintiff $22,645, representing $12,000 as the balance due under the contract; $1,323 in interest; $3,490 as attorney's fees for defending an application to discharge a mechanic's lien in the Superior Court for the Judicial District of Middlesex; and $5,832 in attorney's fees in connection with the arbitration.
The defendant has refused to pay the award, and the plaintiff therefore filed this action to confirm the arbitration award. The defendant, meanwhile, attempted to file an independent action to vacate the award in the Superior Court for the Litchfield Judicial District, but he mistakenly filed it in Danbury. He was going to seek to have that file transferred to Litchfield, but at the hearing scheduled on the plaintiff's action in this court, both parties agreed that the application to vacate the award would be deemed to have been properly filed in this court and that the court, after hearing arguments and receiving briefs, would decide both matters simultaneously. Argument was had, CT Page 7790 certain documents were admitted as exhibits, and briefs were filed.
The following facts are pertinent to the resolution of this case. The defendant had entered into a written subcontract with the plaintiff on November 1, 1994, whereby Burnham was to perform certain work at the Cavallo residence. The following provisions of that contract are relevant to these proceedings:
 Paragraph 9. WAIVER OF LIEN RIGHTS: The subcontractor specifically hereby waives any and all rights touching this subcontract to file a lien of any type at any time on the property where the work is performed or upon any other property. This waiver will survive the completion of the subcontract work.
 Paragraph 10. ARBITRATION: Any dispute touching this agreement shall be resolved through binding arbitration in accordance with the rules of the American Arbitration Association conducted in accordance with the provisions of Conn. Gen. Stat. 909. Arbitration shall be held in New Milford, CT or other location mutually acceptable. Any legal action commenced in violation of this section shall be dismissed even if commenced after completion of the work. Should either party bring an action in violation of this section, he shall be liable to the other for all costs associated with defending such action. Any arbitration award may be moved to a court of competent jurisdiction for enforcement.
On or about March 17, 1995, Carr terminated the contract. A week later, Burnham filed a mechanic's lien on the property. Successfully arguing that Burnham had waived his statutory right to file a mechanic's lien and that any dispute touching on the contract had to be resolved through arbitration, Carr's application to the Middletown Superior Court to discharge the mechanic's lien was granted. Prior to the court's ruling on the discharge of the mechanic's lien, Carr initiated this arbitration and Burnham counterclaimed.
The court's authority with respect to the review of an arbitration award is strictly limited. Garrity v. McCarthy,223 Conn. 1, 4 (1992):
 When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their CT Page 7791 submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution.
It is important at the outset to recognize precisely what each party is seeking to accomplish, and by what authority it is attempting to do so. The plaintiff is seeking to have the arbitration award confirmed pursuant to Gen. Stats. § 52-417, which provides:
 At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribes in section 52-418 and 52-419.
The plaintiff contends that the award is proper in all its aspects, although he also suggests that even if the award is flawed with respect to the two attorneys' fees components, the underlying award of $12,000 plus interest is unassailable and should be confirmed.
The defendant, on the other hand, seeks to have the award vacated in accordance with Gen. Stats. § 52-418a, which provides:
 (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on CT Page 7792 the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
He focuses his attention on the two attorneys' fee components, but further contends that because the arbitrator was so obviously wrong in awarding the plaintiff attorney's fees in connection with his "defense of a mechanic's lien", which he in fact lost because he had waived his statutory right to file such a lien, as well as in awarding attorneys' fees for the arbitration itself, the entire award is fatally tainted and should be vacated.
It must be noted that neither party has filed an separate application to modify or correct the award in accordance with Gen. Stats. § 52-419, which provides:
 (a) Upon the application of any party to an arbitration, the Superior Court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated, or, when the court is not in session, any judge thereof, shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property, referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter or form not affecting the merits of the controversy.
 (b) The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties.
Gen. Stats. § 52-420b further provides that "[n]o motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion. See, Local 1078 v. Anaconda American BrassCT Page 7793Co., 149 Conn. 687, 691 (1962).
The first question for this court to consider, therefore, is whether it can even entertain voiding the arbitrator's award with respect to attorneys' fees for the arbitration and in connection with the mechanic's lien issue in the absence of an application to modify or correct the award. In Sawmill Brook Racing v. BostonRealty Advisors, et al., 1993 Ct. CaseBase 10678, Superior Court Judicial District of Middlesex, December 9, 1993 (Walsh, J.), which involved an application to confirm the award of an arbitrator, the court noted that in the absence of an application filed pursuant to §§ 52-418 and 52-419, it found "no authority where the court is permitted `Sua Sponte' to vacate and/or modify an award."
Similarly, in The Metropolitan District Commission v.American Federation of State and Municipal Employees, Council 4,Local 184, 1993 Ct. CaseBase 11239, Superior Court, Judicial District of Hartford/New Britain at Hartford, December 23, 1993 (O'Neill, J.) the court considered what action it could take based on the facts that the "Plaintiff suggests only vacation of the award. The defendant applies only to confirm. No one moves to modify or correct under Conn. Gen. Stat. §§ 52-419 or 420." Faced with that situation, the court felt that its only choices were to confirm the award in its entirety or vacate it in its entirety or to vacate it in its entirety, and it ultimately did the latter.
There are one significant difference between this case and the two trial court cases just discussed. Although in all three cases, there was no specific application to modify or correct, in this case both parties do specifically suggest the possibility of modifying the award, or perhaps more accurately, vacating certain portions of it. The plaintiff, while urging total confirmation of the award, indicates that he would not seek appellate review of this court left the principal and interest portions of the award intact while vacating the attorneys' fees components. The defendant, while urging that the court vacate the award in its entirety, focusses the brunt of his attack on the attorneys' fees issues. Thus, unlike The Metropolitan District Commission v.American Federation of State and Municipal Employees, Council 4,Local 184, supra, the parties did "suggest" alternatives beyond confirming or vacating in toto, and unlike Sawmill Brook Racingv. Boston Realty Advisors, et al., supra, this court would hardly be acting "sua sponte" if it "modified" the award by vacating CT Page 7794 portions of it. In short, this court does not view the absence of a formal "Application to Modify or Correct Arbitration Award" as an impediment to its undertaking action that might be construed as having that effect, in light of pleadings and arguments by the parties that fairly put in play the prospect of such action.
Burnham contends that, having complied with all of the requirements of Gen. Stats. § 52-417, he is entitled to have the award confirmed. The only reason not to do so would be if "the award is vacated, as prescribed in § 52-418." Under the circumstances of this case, the award may only be vacated under § 52-418 (a) if the court finds that "(4) . . . the arbitrators have exceed their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
Carr contends that because the contract included a waiver of the right to file a mechanics lien, the arbitrator's decision to award Burnham his attorney's fees in the unsuccessful effort to resist Carr's motion to discharge that lien, is such an imperfect execution of his powers. To be sure, the decision seems puzzling, since, standing alone, it appears to reward Burnham for attempting to do that which he had agreed not to do and then putting Carr through the expense of having to go to court in his successful effort to have the lien discharged.
Courts, however, do not normally review the arbitrator's reasons for rendering his decision as long as the award conforms to the submission. Hartford v. Local 760, 6 Conn. App. 11, 13-14
(1986). To do so would invade the autonomous nature of such proceedings to which the parties have contractually agreed to submit their dispute. "The submission defines the scope of the entire arbitration proceedings by specifically delineating the issues to be decided and no matter outside the submission may be included in the award." Id., at 14, citing Board of Education v.AFSCME, 195 Conn. 266, 270 (1985); Bruno v. Department ofConsumer Protection, 190 Conn. 14, 18 (1983); and Oakread v.National Fire Ins. Co. of Pittsburgh, 5 Conn. App. 517, 519-20
(1985). Further, only when the "award does not conform to the submission, [has] the arbitrator . . . exceeded his authority" and in such cases "the court may vacate the award upon proper application by either party." Id., citing Board of Education v.Bridgeport Education Assn., 173 Conn. 287, 291 (1977).
In Hartford v. Local 760, the court stated that: CT Page 7795
 [w]e are adamant in our adherence to these principles which serve to perpetuate the autonomous nature of the arbitration process. To hold otherwise would expand the role of the trial court in arbitration proceedings which would result in an unwarranted and counterproductive diminution of the efficacy of such proceedings.
Id. Thus, the trial court has a limited review procedure in examining the validity of an arbitrator's award and will generally uphold awards which conform to the relief requested in the original demand for arbitration.
In this case, the entire dispute arising under the contract between the parties was submitted to arbitration. Additionally, it appears on the first day of the arbitration proceedings the parties each specifically requested that they be awarded their respective attorney's fees incurred as a result of the arbitration proceedings and as a result of the earlier superior court proceeding concerning the validity of the mechanic's lien filed by the plaintiff.
When a submission to an arbitrator is based on an arbitration clause contained in an agreement which states in general that "any matter connected with this Agreement shall be settled by arbitration", then it is an unrestricted submission to arbitration because such clause contains "no express language restricting the breadth of issues, reserving explicit rights or conditioning the award on a court review." Id. at 5. Additionally, under an unrestricted submission, the arbitrator's decision is considered final and binding, and the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact. American UniversalInsurance Co. v. Del Greco, 205 Conn. 178, 186 (1987). This limited scope of judicial review is premised on the notion that the parties voluntarily bargained for the decision of the arbitrators, are presumed to have assumed the risk of arbitration, and cannot argue later that they should not be bound by the results, even if the outcome is regarded as unwise or wrong on the merits. Id. at 186-187. The submission to arbitration is unrestricted unless the parties otherwise agree to restrict it. Bennett v. Meader, 208 Conn. 352, 363 (1988); andRamos Iron Works v. Franklin Construction Company, 174 Conn. 583,588-589 (1978). Here, the parties did not restrict the submission but apparently amplified it to include the arbitrator's authority CT Page 7796 to award attorney's fees both for the arbitration itself and for the earlier mechanic's lien proceedings. Although the reasons for the arbitrator's deciding those issues in the plaintiff's favor are unclear, those reasons are also not appropriate subjects for this court's review. The court . . . and the parties . . . will have to live with that lack of clarity.
As to the balance of the award concerning the principal sum and interest, the defendant has offered no challenge other than that it was tainted by the arbitrator's allegedly invalid decisions regarding attorneys' fees. The latter issue having now been decided adversely to the defendant, the former must be as well.
The plaintiff's application to confirm the award is therefore granted, and the defendant's application to vacate that award is denied.
Jonathan E. Silbert, Judge