[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S APPLICATION TO VACATE ARBITRATION AWARD
I. Factual and Procedural History
The plaintiff Hartford Board of Education brings this application to vacate an award which set aside its termination of an employee (grievant), and substituted a suspension and reinstatement. The plaintiff claims that the State Board of Mediation and Arbitration (Arbitrators) to whom the dispute was referred by the parties' collective bargaining agreement was guilty of misconduct in "perversely misconstruing and misinterpreting the collective bargaining agreement and the facts presented, manifestly disregarding the law and public policy, and exceeding the submission of the parties to the arbitration."
The plaintiff also claims that "the arbitrators exceeded their powers and so imperfectly executed their powers that a mutual, final and definite award upon the grievance submitted was not made by, among other things. perversely misconstruing and misinterpreting the collective bargaining agreement and the facts presented, manifestly disregarding the law and public policy, and exceeding the submission of the parties to the arbitration."
The submission in this case is as follows:
 "Did the Hartford Board of Education violate the contract when they terminated the grievant? If so, what shall be the remedy?"
The award stated:
 "The Hartford Board of Education did violate the contract when it terminated the grievant. Grievant shall be suspended without pay until September 12, 1994 at which time grievant shall be reinstated with full benefits and shall be placed on probation for six (6) months."
The sole issue the court must decide is whether the award conforms to the submission. The submission defines the scope of the arbitration proceedings, and therefore no matters outside the submission may be decided by the Arbitrators. CT Page 2952
The plaintiff basically argues that the Arbitrators modification of the grievant's discipline from termination to a six month suspension and probation did not conform to the submission, and therefore the Arbitrators exceeded their authority.
This court disagrees. The collective bargaining agreement (contract) is the contract which provided for arbitration of the grievance, and is the contract referred to in the submission. Article XII, Disciplinary Proceedings. § 12.0(D) of the contract (Exhibit 1) provides that "Employees shall not be discharged without just cause." Accordingly, the submission to the Arbitrators, that is whether the plaintiff breached the contract, clearly included the determination of whether it "had just cause to terminate the grievant employee." If the plaintiff did not have just cause to terminate the employee. the plaintiff violated the contract. If not. it did not. This was the crux of the issue the Arbitrators had to decide.
Boiled down to its essentials, the plaintiff basically claims that the award was defective under General Statutes § 52-418
(a)(4) in that ". . . the arbitrators have exceeded their power or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
Both sides appeared by counsel, submitted briefs and made oral argument. For the reasons stated below, the plaintiff's application to vacate the award is denied.
II. Discussion
A brief review of some general principles employed in the determination of whether to vacate an arbitration award is appropriate.
As courts favor arbitration as a means of settling disputes. such awards are usually upheld. and courts will not examine an arbitrators factual or legal conclusions even if they are contrary to the court's opinion of the facts or law. Bic PenCorp. v. Local 134, 183 Conn. 579 (1981).
In the analysis of the award, the court must look to the award and the submission. See Board of Education of the Cityof Bridgeport v. Bridgeport Education Association,173 Conn. 287 (1977). And, if the award is consistent with the submission, CT Page 2953 the court will uphold the award. as "every reasonable presumption will be made in favor of the award." Bridgeport EducationAssn., supra. 173 Conn. 294.
This question is embraced by the submission which is clear on its face. However, it must be read in the light of the contract, which must be examined in the context of the submission and award.
Hence, the award specifically states that the Board ". . . did violate the contract when it terminated the Grievant." This award means that the Arbitrators implicitly found that the plaintiff failed to show just cause for termination. The fact that the Arbitrators found cause or reason for lesser discipline does not mean that the plaintiff met its burden of demonstrating the "just cause" required by the contract for termination. The contract obviously provides for a broad spectrum of progressive disciplines ranging from a verbal warning a written warning, a withholding of raises, a suspension, to the ultimate, termination. See Exhibit 1, Article XII, § 12.0(B). As stated previously, § 12.0(D) however, requires just cause for termination. The Arbitrators could have reasonably construed the contract to require a higher level of misconduct to equate to the `just cause' standard justifying terminating the ultimate discipline the plaintiff was able to impose. Accordingly. the Arbitrators finding that the plaintiff violated the contract was within the submission and conformed to it.
Therefore, as the award clearly conforms to the submission. the Arbitrators were also specifically empowered to order the remedy of suspension and probation set forth in the award.
III. Conclusion
As the award conforms to the submission, the plaintiff has not met its burden of showing that "the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made" as required by General Statutes § 52-418 (a)(4). Therefore, the plaintiff's application to vacate the arbitration award must be, and is, denied.
Teller, J. CT Page 2954