[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO VACATE ARBITRATION AWARD AND DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD
FACTS
The defendant provided linen and garment services to plaintiffs pursuant to a written contract. That contract was dated November 13, 1997. According to the agreement Savoy supplied three of the plaintiffs' restaurants with their requirements for clean, laundered articles such as uniforms, napkins and tablecloths. The agreement provided for a three year term and contained a schedule of prices. However, it allowed Savoy unilaterally to raise those prices. If the plaintiffs did not agree to such a unilateral price increase all obligations under the agreement could be canceled. In the absence of a price increase the plaintiffs had no unilateral right to withdraw from the contract.
A dispute arose between the parties regarding the quality of Savoy's service. The dispute between the parties did not concern any disagreement regarding pricing. By letter dated September 2, 1999 the plaintiffs informed Savoy that they were withdrawing from the agreement because of Savoy's failure to maintain a reasonable quality of service which would constitute a breach of the agreement by Savoy.
The agreement contained an arbitration clause and each party went to arbitration. At arbitration Savoy claimed damages in the amount of $46,188.38 plus interest and legal fees. Carbone filed an answer denying that they had breached the agreement and set forth several special defenses. The special defense at issue in this case was the second special defense which claimed that the agreement was illusory in that it lacked mutuality of consideration because Savoy was effectively able to unilaterally cancel its obligations under the agreement. Plaintiff claims that the only way to cure the legal defect is to construe the contract as giving mutual rights of cancellation to both sides.
The arbitrator rendered an award on May 24, 2000 which made no mention of the second special defense. That award was in the amount of $14,033.66 which included interest and legal fees.
DISCUSSION
Our Supreme Court has recognized that arbitration is a preferred method of settling dispute resolutions and that the longstanding principle that findings of fact are left undisturbed upon judicial review remains unchanged. Schoonmaker v. Cummings Lockwood of Connecticut, P.C.,252 Conn. 416, 432 (2000).
Further, the general rule in Connecticut is that arbitration awards are upheld and courts will not examine arbitrator's factual or legal conclusions even if they are contrary to the court's opinion of the facts CT Page 8506 or law. Board of Education of the City of Bridgeport v. BridgeportEducation Association, 173 Conn. 287, 290 (1977). Finally our Supreme Court has written:
 "Where the arbitration does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. The courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrator's decision of the legal question involved." Big Ten Corporation v. Local 134, 183 Conn. 579, 581 (1981).
Notwithstanding the strong preference for upholding arbitration award and the fact that courts generally cannot review such awards for errors of fact or law, an arbitrator's award may be vacated if the arbitrator manifestly disregarded the law in reaching his decision. Garrity v.McCaskey, 223 Conn. 1, 6 (1992). Garrity sets forth a three part test for determining manifest disregard of the law. That test is as follows:
 "(1) The error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the arbitrator appreciated the existence of clearly governing legal principle but decided to ignore it; and, (3) the governing law alleged to have been ignored by the arbitrator is well defined, explicit and clearly applicable." Garrity Id. at 9. To vacate all three requirements must be met. Id.
While each side has ably briefed the question of the necessity of consideration and mutuality in contracts which are partially performed, this court finds it unnecessary to examine the question in extensive detail. Our Supreme Court has held even contracts with substantial unilateral rights of cancellation or termination are not totally void for lack of mutuality once there has been some performance that makes up for the possible defects in consideration. Constitution Bank Trust v.Robinson, 179 Conn. 232, 235 (1979).
Clearly this is a partially executed contract in which services had been rendered under the contract and payments made for approximately two years.
This court is not called upon to decide what it would do if it were hearing the initial dispute as a bench trial. However, the court finds CT Page 8507 that the law in this area of mutuality is certainly sufficiently complex that the error was not obvious and capable of being readily and instantly perceived. Neither is the law governing well defined, explicit and clearly applicable. Accordingly, the court finds that plaintiffs have failed to satisfy both the first and third prong of Garrity. The court makes no finding with regard to the second prong of Garrity.
Each side agreed to arbitration. Under the facts before it, the court sees no reason to disturb a finding by the arbitrator. The arbitration award is confirmed. The motion to vacate the arbitration is denied.
It was agreed at the time of argument that if the award were confirmed counsel for Savoy was entitled to additional legal fees and that the legal fees set forth in his affidavit dated June 29, 2000 were reasonable. Accordingly, the court finds that counsels for Savoy expended 10.6 hours at an appropriate billing rate of $150.00 per hour and awards additional legal fees in the amount of $1,590.00.
Kevin E. Booth, J.